IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JASON BURNS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:05-CV-172 |
| ) | (VARLAN/SHIRLEY) |
| WILLIAM C. OLIN, d/b/a, ) | |
| OLIN CONSTURCTIION ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the undersigned on January 20, 2006, pursuant to an Order of Referral [Doc. 23], for a motion hearing on plaintiff's Motion for Sanctions [Doc. 18] filed on October 12, 2005. Charles W. VanBeke appeared for plaintiff Jason Burns. The defendant William C. Olin did not appear at the hearing and no one appeared on his behalf.

The Court observed that Notice of the hearing on the plaintiff's Motion for Sanctions against defendant Olin was filed on January 17, 2006. Additionally, Attorney VanBeke informed the Court that Notice was hand-delivered to defendant Olin's place of business on January 18, 2006. Defendant Olin has failed to respond to the plaintiff's Motion for Sanctions and Attorney VanBeke advised the Court that defendant Olin did not contact him in regards to the present hearing. Furthermore, the Court has not received Notice from defendant Olin regarding his intent to proceed *pro se* or retain new counsel as required by the Court's October 21, 2005 Order [Doc. 20].

1

At the present hearing, the Court carefully considered plaintiff Burns' Motion for Sanctions, arguments made by counsel for plaintiff Burns' and the Order of this Court [Doc. 21] filed on November 18, 2005, and pursuant to Rule 37(b) of the <u>Federal Rules of Civil Procedure</u>, **ORDERED** that the following sanctions be imposed upon defendant Olin:

(1) all defenses asserted by defendant Olin in its Answer are hereby stricken, including the defense that plaintiff was not covered by the Fair Labor Standards Act; and

(2) defendant Olin is required to pay plaintiff's reasonable attorneys' fees and costs, associated with this Motion, in the amount of $1200.

The Court also notes that counsel for plaintiff Burns' raised the prospect of seeking a default judgment. The Court further notes that this relief was indicated as a possible sanction by Judge Varlan in his Order [Doc. 21] dated November 18, 2005. As such would be a dispositive motion, a Motion for Default Judgment would have to be made directly to Judge Varlan, the District Court Judge.

**IT IS SO ORDERED**.

                                                **ENTER:**

                                                <u>s/ C. Clifford Shirley, Jr.</u>
                                                United States Magistrate Judge