UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JASON BURNS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:05-CV-172 |
| | ) | (VARLAN/SHIRLEY) |
| WILLIAM C. OLIN, d/b/a | ) | |
| OLIN CONSTRUCTION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff Jason Burns alleges that his employer, defendant William C. Olin, d/b/a Olin Construction, failed to pay him overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. § 207. Defendant initially responded in opposition to plaintiff's allegation, but subsequently failed to cooperate in discovery or comply with the Court's orders, which resulted in sanctions that included the striking of all defenses. *See* Docs. 6, 11, 18, 21, 27. Consequently, plaintiff's allegations are unopposed.

This civil action is now before the Court for consideration of plaintiff's Motion for Summary Judgment. Doc. 28. Plaintiff argues he worked more than forty hours during certain specified workweeks without receiving the overtime compensation required by the Fair Labor Standards Act. Consequently, plaintiff contends he is entitled to damages, including back pay as well as liquidated damages.

Defendant has failed to respond or otherwise oppose the motion and the time for doing so has passed. *See* E.D.TN. LR 7.1(a), 7.2. "Failure to respond to a motion may be deemed

a waiver of any opposition to the relief sought." LR 7.2. Nevertheless, the Court will consider the merits of plaintiff's motion.

For the reasons discussed herein, the motion for summary judgment will be granted, and judgment will enter in favor of plaintiff in the amount of $19,534.30.

**I.      Summary Judgment Standard**

Under Rule 56(c), summary judgment is proper if the record, taken as a whole, shows that "there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden of establishing that there is no genuine issue of material fact lies upon the moving party. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n. 2 (1986). The Court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir.2002). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable jury could find in its favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *See id.*

The judge's function in considering a motion for summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper jury question, and not to weigh the evidence, judge the credibility of witnesses, and determine the truth of the matter. *See id.* at 249. Thus, "[t]he inquiry performed is the

threshold inquiry of determining whether there is the need for trial–whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *See id.* at 250.

## II. Relevant Facts

Plaintiff was employed by defendant, doing business as an unincorporated entity, from January 3, 2003, to November 17, 2004. *See* Doc. 1 at 1. While plaintiff was employed by defendant, he worked more than forty hours during many workweeks, but defendant failed to properly compensate him for that work, in violation of 29 U.S.C. § 207. *See id.* at 1-2. Specifically, plaintiff alleges that during 2003 and 2004, he was not properly compensated for overtime work performed during 78 workweeks. See Doc. 28-2 at 5-7. As result, plaintiff claims he is entitled to $9,767.15 in unpaid overtime compensation and an additional equal amount as liquidated damages, as well as attorney's fees and litigation costs. *See* Docs. 1, 28.

Defendant generally responded in opposition to plaintiff's allegations, *see* Doc. 6, but has failed to cooperate in discovery or comply with the Court's orders, as required by Fed. R. Civ. P. 37. *See* Docs. 11, 18, 21, 27. As a result, sanctions have been imposed against defendant, including the striking all defenses asserted in defendant's answer. *See* Doc. 27.

Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331, and the instant motion for summary judgment is ripe for disposition.

3

**III.    Discussion**

The overtime compensation provisions of the Fair Labor Standards Act (FLSA) render it unlawful for a covered employer to employ an individual "for a workweek longer than forty hours unless such employee receives compensation for his employment in excess [of forty hours] at a rate not less than one and one-half times the regular rate at which he is employed."  29 U.S.C. § 207(a)(1).

An employee seeking recovery of unpaid overtime compensation generally has the burden of proving the employer violated FLSA by showing that "he performed work for which he was not properly compensated." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).  *See also Herman v. Palo Group Foster Home, Inc.*, 183 F.3d 468, 472 (6th Cir. 1999).  In cases where the employer has kept "proper and accurate records," the employee may satisfy his burden by securing production of those documents. *See Anderson*, 328 U.S. at 687.  On the other hand, where the employer's records are "inaccurate or inadequate and the employee cannot offer convincing substitutes," an employee may satisfy his burden "if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id*. (quoted and reaffirmed in *United States Dep't of Labor v. Cole Enters., Inc.*, 62 F.3d 775, 779 (6th Cir.1995)), superseded by statute on other grounds as stated in *Carter v. Panama Canal Co.*, 463 F.2d 1289, 1293 (D.C.Cir.1972). *See also Herman*, 183 F.3d at 472 (quoting *Anderson*, 328 U.S. at 687-88); *Bueno v. Mattner*, 829 F.2d 1380, 1387 (6th Cir. 1987) (citing *Anderson*, 328 U.S. at 686-88).

4

In such a case, the burden would shift to the employer to produce evidence of the precise amount of work or evidence to rebut the reasonableness of the inference drawn from the employee's evidence. *See Anderson*, 328 U.S. at 687-88; *Herman*, 183 F.3d at 472; *Bueno*, 829 F.2d at 1387. If the employer fails to produce such evidence, the court may award damages to the employee. *See Anderson*, 328 U.S. at 687-88; *Herman*, 183 F.3d at 472; *Bueno*, 829 F.2d at 1387.

In the present case, it is unknown whether defendant has kept "proper and accurate" records, because defendant has refused to cooperate in discovery. *See* Docs. 11, 18, 27. In such a circumstance, it is logical to treat defendant's conduct much the same as an employer who produces inaccurate or inadequate records. Accordingly, in this case, plaintiff will have satisfied his burden of proof "if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson*, 328 U.S. at 687. Then, the burden shifts to defendant to produce evidence of the precise amount of work or evidence to rebut the reasonableness of the inferences drawn from plaintiff's evidence. *Id.* at 687-88; *Herman*, 183 F.3d at 472; *Bueno*, 829 F.2d at 1387.

Plaintiff declares that he worked overtime for which he was not properly compensated under § 207. *See* Doc. 28-2 at 1. As an exhibit to his declaration, plaintiff attaches a letter and two charts illustrating the specific pay periods, hours worked, net pay, overtime owed, and paycheck number. *See id.* at 3-7. In the first chart, plaintiff indicates that he is owed $5949.45 in overtime compensation for overtime work performed during 44 pay periods in

5

2003. *See id.* at 5-6. In the second chart, plaintiff indicates that he is owed $3817.70 in overtime compensation for overtime work performed during 34 pay periods in 2004. *See id.* at 7.

Plaintiff's declaration is proof that plaintiff did perform work for which he was improperly compensated, and his charts are sufficient evidence to justify a reasonable inference of the amount and extent of plaintiff's work. *See Anderson*, 328 U.S. at 687; *Herman*, 183 F.3d at 472; *Bueno*, 829 F.2d at 1387. In response, defendant has produced no evidence to rebut plaintiff. *See* Doc. 27. Therefore, viewing the evidence in the light most favorable to defendant, the Court can find no genuine issue of disputed material fact, and plaintiff is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

Turning to the amount of defendant's liability, "[a]ny employer who violates the provisions of [section 207] of this title shall be liable to the employee or employees affected in the amount of their unpaid . . . overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Because the liquidated damages provision is "compensatory, not punitive in nature," *Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896, 907 (3d Cir. 1991)), courts may limit or not award liquidated damages, "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA] . . . ." § 260. In addition to any unpaid compensation and liquidated damages, a court may hold an employer liable for the payment of a reasonable attorney's fee and litigation costs. *See* § 216(b).

6

In the present case, the undisputed amount of unpaid overtime compensation is $9,767.15. *See* Docs. 27, 28-2 at 5-7. Additionally, defendant has failed to show that he acted in good faith or that he had reasonable grounds for his failure to comply with the overtime compensation requirement of FLSA. *See* § 260. *See also* Doc. 27. Therefore, defendant will be liable to plaintiff for $19,534.30, which is the sum of unpaid overtime compensation and an additional equal amount as liquidated damages. *See* § 216(b).

**IV.  Conclusion**

Plaintiff alleges that defendant violated FLSA by failing to properly compensate plaintiff for overtime he worked while employed by defendant. *See* Doc. 1. Plaintiff has filed a motion for summary judgment arguing that there is no genuine issue of disputed material fact and he is entitled to judgment as a matter of law. *See* Doc. 28. Plaintiff has presented sufficient evidence to prove he performed work for which he was improperly compensated and which justifies a reasonable inference of the amount and extent of plaintiff's work, and defendant has produced no evidence to rebut this inference. *See Anderson*, 328 U.S. at 687; *Herman*, 183 F.3d at 472; *Bueno*, 829 F.2d at 1387. *See also* Doc. 27. Therefore, viewing the evidence in the light most favorable to defendant, there is no genuine issue of disputed material fact and plaintiff is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). As a result, plaintiff's motion for summary judgment will be granted, and judgment will enter in favor of plaintiff in the amount of $19,534.30.

ORDER ACCORDINGLY.

                                                  s/ Thomas A. Varlan
                                                  UNITED STATES DISTRICT JUDGE